IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ORLY AARONSON

                  Plaintiff,

    v.

ITAI AARONSON

                  Defendant.

Case No. 1:13-cv-01959-CL

**ORDER**

CLARKE, Magistrate Judge.

This action was removed to federal court by the defendant, purportedly on the grounds of both diversity and federal question jurisdiction. 14 U.S.C. § 1441. The case comes before the court now on Plaintiff's Motion to Remand Case to State Court (#5). Defendant has also filed a Motion for Declaratory Relief (#10). As discussed below, because this court lacks subject matter jurisdiction over the case, the Motion to Remand is GRANTED.

**BACKGROUND**

This case arises out of a dispute between a mother and a father over the remains of their son, who passed away here in Oregon on September 30, 2013. Currently the remains are buried

Page 1 – ORDER

in Oregon. The deceased's mother, Orly Aaronson, is the named plaintiff in this case. She is a citizen of Israel, and currently resides there. The case originated as a probate matter in the Jackson County Circuit Court for the State of Oregon: In the Matter of the Estate of Omer Zvi Aaronson, Case No. 13PB00798. Ms. Aaronson, named the personal representative in that probate matter, filed a petition seeking recognition and registration of a foreign country judgment under ORS chapter 24. Specifically, she sought to enter a judgment from Israel that would order the exhumation and transportation of the deceased's remains for permanent burial in Israel.

The deceased's father, Itai Aaronson, removed this case to federal court on November 5, 2013. Mr. Aaronson is a citizen of Israel, but has been a permanent resident in the United States for many years and currently resides in Oregon.

Ms. Aaronson, through her attorney, filed a motion for remand back to state court, with a request for an expedited hearing, which took place on Wednesday, November 13, 2013. At the hearing, Mr. Aaronson indicated that he did not receive proper notice of the hearing, and thus had only a few hours to file a response. Therefore, the court allowed him until noon on Friday, November 15, 2013 to supplement his response. All together he has filed more than ten different documents. The Court has carefully reviewed and considered these submissions.

## DISCUSSION

Federal courts are courts of limited jurisdiction and can adjudicate only those cases which the Constitution and Congress authorizes them to adjudicate. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the party invoking the court's jurisdiction bears the burden of establishing subject matter jurisdiction. Kokkonen, 511 U.S. 375. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §

1447(c). On a motion for remand, the party opposing remand has the burden to establish that removal was proper. See Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.2009). The removal statute, 28 U.S.C. § 1441, is strictly construed against the party seeking to establish grounds for removal. See Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir.2009), citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.2004). A federal court presented with a motion to remand is limited solely to the question of its authority to hear the case pursuant to the removal statute. Okot v. Callahan, 788 F.2d 631, 633 (9th Cir1986).

Original jurisdiction exists in cases of complete diversity where each of the plaintiffs is a citizen of a state different from each of the defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where there is complete diversity between the parties, removal is proper only if no party in interest properly joined and served as a defendant is a citizen of the state in which the action is brought, 28 U.S.C. § 1441(b); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89–90 (2005). In other words, a local defendant cannot remove to federal court on the basis of diversity jurisdiction. Because the defendant Mr. Aaronson is a citizen of Oregon for purposes of diversity, as stated in his civil coversheet, he is precluded from removing the case on that basis.

"Absent diversity of citizenship, federal question jurisdiction is required." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. 28 U.S.C. § 1441(b). Whether a claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). The federal question must appear on the face of the plaintiff's complaint. Merrell Dow Pharmaceuticals, Inc.

v. Thompson, 478 U.S. 804, 808 (1986). Assuming only state law claims are pleaded in the complaint, removal jurisdiction is lacking. Id. A defendant may not create removal jurisdiction based upon her defenses or counterclaims. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Here, the action originating in state court is a probate matter. Although Mr. Aaronson contends that the petition filed by Ms. Aaronson is in some way disingenuous or fraudulent to the probate proceeding, it is nevertheless based on state law for the state of Oregon, specifically ORS chapter 24. While Mr. Aaronson raises other issues that may or may not involve federal agencies, regulations, or possibly even constitutional issues, these cannot create a basis for removal jurisdiction in this court. Mr. Aaronson may raise these issues in state court.

Mr. Aaronson's submissions to the Court include a citation to the Supreme Court case Marshall v. Marshall, 547 U.S. 293 (2006). The opinion limited the probate exception to federal subject matter jurisdiction, which had previously been expanded by the Ninth Circuit. The Court clarified that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and *otherwise within federal jurisdiction.* Id. at 311-12 (emphasis added). Jurisdiction in that case was premised on 28 U.S.C. § 1334, the statute vesting in federal district courts jurisdiction in bankruptcy cases and related proceedings. Thus, while the Court held that the probate exception was not all-expansive, it also recognized that independent federal jurisdiction was, of course, necessary. Here, as discussed above, there is no federal subject matter jurisdiction over the petition that Mr. Aaronson has removed to federal court; therefore the case is inapplicable to the present circumstances.

## ORDER

Based on the foregoing, this case is hereby REMANDED to state court. Defendant's pending Motion for Declaratory Relief is DENIED as moot. Plaintiff's request for attorney's fees and costs is DENIED.

IT IS SO ORDERED.

DATED this 18 day of November, 2013.

MARK D. CLARKE
United States Magistrate Judge